SUMMONS ISSUED

CV 13          4595

GERALD ALLEN [GA-0950 ]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
DEVANTE WHEELER,

                                    Plaintiff,

            - against -

                    TOWNES, J.

                    ORENSTEIN, M.J.

CITY OF NEW YORK, POLICE OFFICER JOSEPH CENTNER,
TAX I.D. 945478, and POLICE OFFICER DOMINICK RASO,
TAX I.D. 943720,

                                    Defendants,

--------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

### PARTIES, JURISDICTION and VENUE

1.      Plaintiff, DEVANTE WHEELER, is a 21 year old male, who, at all times

relevant to this action, was a resident of Staten Island, New York and a college student

who had never before been arrested.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of

New York, which includes Richmond County.  NYC maintains a police department, the

New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendant POLICE OFFICER JOSEPH

CENTNER, Tax I.D. Number 945478, was at all relevant times an officer with the NYPD

assigned to the 120 Precinct.  All actions by CENTNER complained of herein were

taken in the course of his employment and under color of law.  CENTNER is being sued

1

in both his individual and official capacities.

4.     Upon information and belief, Defendant POLICE OFFICER DOMINICK RASO, Tax I.D. Number 943720, was at all relevant times an officer with the NYPD, assigned to the 120 Precinct.  All actions by RASO complained of herein were taken in the course of his employment and under color of law.  RASO is being sued in both his individual and official capacities.

5.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.     The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8.     On December 30, 2011 at approximately 3:00 a.m., Plaintiff, along with a group of other young men, was walking on North Mada Avenue in Staten Island and was not committing any crime or offense.

9.     As Plaintiff walked up that street, he was approached by CENTNER and RASO, who, although in plainclothes, intimated that they were New York City police officers and that Plaintiff and the other members of the group should stop and produce identification. Neither CENTNER nor RASO wore any police identification on the outside of their civilian clothing.

10.     At that point, Plaintiff was placed against a parked vehicle by RASO, along with two other of the young men, and stood there as one of the young men was frisked by RASO.

2

11.     RASO then turned his attention to Plaintiff and suddenly, after Plaintiff had asked for RASO's badge number, RASO grabbed Plaintiff and slammed him against the parked vehicle.

12.     RASO'S attack on Plaintiff continued as RASO grabbed Plaintiff and pushed Plaintiff down the street and then punched him directly in the face. As this attack unfolded, Plaintiff continued to ask RASO for his badge number.

13.     As Plaintiff was being handcuffed, he asked both RASO and CENTNER to tell him what he had done that was wrong.

14.     Plaintiff was then transported to the 120 Precinct and held in custody, with three of the other young men who had been arrested at or near the location.

15.     The other three individuals were brought to court for arraignment the next afternoon, but Plaintiff was detained at the precinct for another twenty- four hours before he was finally brought to court.

16.     Plaintiff was charged with two charges of Assault, one as a felony and one as a misdemeanor; Obstructing Governmental Administration; False Personation, and Resisting Arrest based upon what had happened in the street and at the 120 Precinct.

17.     Plaintiff was forced to return to Court to defend himself against the charges,which were brought under Docket Number 2011RI011555.

18.     Over the ensuing few months, the District Attorney reviewed the evidence in the case, viewed a videotape of the incident, and interviewed three other young men who had witnessed the entire incident but had not been arrested.

19.     Both counts of Assault were then dismissed by the District Attorney, as was the Resisting Arrest charge, and two misdemeanor charges were maintained

3

against Plaintiff.

20.     Ultimately the misdemeanor charges were resolved by an Adjournment in Contemplation of Dismissal with immediate sealing of the record.

21.     As a result of the actions by CENTNER and RASO, Plaintiff suffered physical injuries to his face and to his body as a result of the attack by RASO and CENTNER.

22.     Plaintiff suffers from severe emotional stress and injury as a result of the false arrest and  excessive force.

## FIRST CLAIM

23.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 22 of the Complaint as if incorporated and reiterated herein.

24.     By arresting Plaintiff without legal authority, Defendants CENTNER and RASO, individually and acting together, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  Specifically, the constitutional rights to be free from false arrest.

25.     By reason thereof, Defendants CENTNER and RASO violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM

26.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 25 of the Complaint as if incorporated and reiterated

4

herein.

27.    Defendants CENTNER and RASO, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from the use of excessive force under color of law.

28.    By reason thereof, Defendants CENTNER and RASO violated  42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**THIRD CLAIM**

29.    Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 28 of the Complaint as if incorporated and reiterated herein.

30.    Defendants CENTNER and RASO, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

31.    By reason thereof, Defendants CENTNER and RASO violated  42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

**FOURTH CLAIM**

32.    Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33.     NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens.

34.     NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff and yet allowed CENTNER and RASO to continue in their positions as police officers. This particularly applies as NYC and NYPD permitted the individual defendants to patrol the streets in plain clothes and in an unmarked vehicle, without appropriate street-level supervision.

35.     The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that he suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

36.     By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)      On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)      On the third claim, actual and punitive damages in an amount  to be determined at trial;

iv)      On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vi)      Such other relief as the Court deems just and proper.

Dated:      New York, New York
                 August 5, 2013

                                       Goldberg & Allen, LLP
                                       Attorneys for Plaintiff

By:                                     

                                       Gerald Allen [GA-0950]
                                       49 West 37th Street, 7th Floor
                                       New York, New York 10018
                                       (212) 766-3366